UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

**BRANDON SCOTT LAVERGNE**  **CIVIL ACTION NO. 6:13-2139**
    **LA. DOC #424229**
**VS.**  **SECTION P**

**JUDGE HAIK**

**PUBLIC DEFENDER FIFTEENTH**  **MAGISTRATE JUDGE HILL**
**JUDICIAL DISTRICT COURT, ET AL.**

REPORT AND RECOMMENDATION

*Pro se* plaintiff Brandon Scott Lavergne ("Lavergne"), proceeding in *forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on June 26, 2013.  Lavergne is an inmate in the custody of the Louisiana Department of Public Safety and Corrections.  He is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana where he is serving two life sentences imposed by the Louisiana Fifteenth Judicial District Court for Lafayette Parish following his August 17, 2012 convictions for the murder of Michaela Shunick ("Shunick") and Lisa Pate ("Pate").  Lavergne names the Fifteenth Judicial District Public Defender's Office ("the Public Defender's Office"), Fifteenth Judicial District Public Defender  "Supervisor"  Elliot Brown ("Brown") and his court-appointed contract Public Defenders Burliegh Doga ("Doga") and Clay LeJeune ("Lejeune") as defendants.

Lavergne alleges that the defendants violated his constitutional rights while representing him for the murders of Pate and Shunick.  More specifically, Lavergne alleges that the Public Defender's Office is "cash strapped" and that Doga, Lejeune and

Brown "coerced [him] to plead guilty to crimes [he] was maintaining [he] had not committed to save themselves money and resources they knew this case would demand." Lavergne further alleges that Doga and LeJeune "committed fraud on my plea agreement" by confirming in the document the following acts, which were allegedly not done by them, to determine that a guilty plea was in Lavergne's best interest: asked for discovery, talked to witnesses, investigated the case, consulted experts, viewed video and looked at photographs. Lavergne further alleges that his public defenders did nothing to stop the false allegations being leaked to the media about his case, did nothing about his laptop and cellular telephone which had allegedly been taken by police in violation of the Fourth Amendment, did nothing about his illegal indictment, abandoned him during an alleged custodial interrogation and said he was sane when they knew he was "in deep mental and emotional durrest [sic]."

Brown is alleged to have known about the alleged improper actions of his subordinates Doga and LeJeune, but did nothing to stop them.

By this action, Lavergne seeks punitive damages from the defendants for mental anguish, and the pain and suffering these actions have allegedly caused him.

This matter has been referred to the undersigned for review, report and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

## LAW AND ANALYSIS

On August 17, 2012, Lavergne pled guilty to two counts of first degree murder for the murders of Shunick and Pate, with the stipulation that he be sentenced to life imprisonment on each count. In accordance with the plea agreement, Lavergne was sentenced that date to life imprisonment on each count. Lavergne did not directly appeal his convictions or sentences. Post-Conviction relief has not been granted.[1] Moreover, neither this or any other federal court has issued a writ of *habeas corpus*.

### I. Screening

When a prisoner files suit in *forma pauperis* pursuant to 42 U.S.C. § 1983, the court is obligated to evaluate the complaint and dismiss it without service of process, if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) *citing Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *see also Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). The plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Green v. Revel*, 2011 WL 165453, *1 (5th Cir. 2011) *citing In re Katrina Canal*

---

[1] This information was confirmed by communication with the Clerk of the Fifteenth Judicial District Court and the Louisiana Third Circuit Court of Appeal.

*Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In his Complaint, Lavergne has set forth specific facts which he claims entitles him to damages and he has pleaded his best case. The facts alleged by Lavergne have been accepted as true for the purposes of this Report. Nevertheless, Lavergne's damage claims are subject to dismissal for the reason which follows.

## II. *Heck v. Humphrey*

Lavergne seeks monetary damages from the Public Defender's Office, Public Defender "Supervisor" Brown and his court-appointed contract Public Defenders Doga and Lejeune, who represented Lavergne in his state criminal proceeding, which resulted in his conviction for the murder of Shunick and Pate, for which he is serving two life sentences imposed by the Louisiana Fifteenth Judicial District Court for Lafayette Parish.

It is well established that to recover damages for an allegedly "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of *habeas corpus* [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). A claim for damages bearing that relationship to a conviction or sentence that has

4

not been so invalidated is not cognizable under § 1983. *Heck*, 512 U.S. at 487, 114 S.Ct. at 2372. The Supreme Court imposed this requirement on § 1983 plaintiffs in order to avoid collateral attacks by plaintiffs on convictions against them that are "still outstanding." *Id.* at 486, 114 S.Ct. at 2371. Moreover, if judgment in favor of a civil rights plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff demonstrates that the conviction or sentence has already been invalidated. *Id.*

Lavergne's claims would, if true, necessarily implicate the validity of his state court criminal proceeding and the convictions and sentences imposed therein. Lavergne does not contend that his murder convictions or his life sentences have been reversed, expunged, or declared invalid. To the contrary, Lavergne admits that he is currently serving his sentences for these convictions. Moreover, there is no jurisprudence establishing that these convictions have been reversed, expunged, or declared invalid. Furthermore, no federal court has issued a writ of *habeas corpus*.

While Lavergne argues that his murder convictions and resulting sentences are invalid and unconstitutional, Lavergne stands convicted, and his convictions were, in part, the result of the alleged complained of illegal and unconstitutional actions of the defendants. Thus, it is clear that if this court were to grant Lavergne the damages he seeks, that ruling would necessarily implicate the validity of Lavergne's convictions and sentences. Accordingly, Lavergne's claims, which are directed at the validity of his criminal prosecution and resulting convictions and sentences, are barred by *Heck*. The

claims are not cognizable under 42 U.S.C. § 1983 at this time. These claims must therefore be dismissed with prejudice for failure to state cognizable claims. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

### III. Non-State Actors

Even if *Heck* was not applicable, because Lavergne seeks money damages from public defenders Doga, LeJeune and Brown, Lavergne has failed to state a claim upon which relief may be granted and his claims are therefore frivolous. To prevail on a civil rights claim an inmate must prove that a "person" acting under color of law, deprived him of rights, privileges, or immunities secured by the United States Constitution and laws. 42 U.S.C. § 1983; *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). The under "color of law" requirement, requires that the defendant in a § 1983 action be a state actor, that is, he must have committed the complained-of acts in the course of the performance of their duties and have misused the power that they possessed by virtue of state law and made possible only because the defendant was clothed with the authority of state law. *United States v. Classic*, 313 U.S. 299, 325 (1941); *Screws v. United States*, 325 U.S. 91, 110 (1944) (plurality opinion).

Private attorneys, including public defenders, are not state actors within the meaning of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 321-22 (1981); *Marts v. Hines*, 68 F.3d 134, 136 (5th Cir. 1995); *Mills v. Criminal District #3*, 837 F.2d 677, 679 (5th Cir. 1988); *Nelson v. Stratton*, 469 F.2d 1155 (5th Cir. 1972), *cert. denied* 410 U.S. 957, 93

S.Ct. 1432, 35 L.Ed. 2d 691 (1973); *Breaux v. Public Defender 15th Judicial District*, 2012 WL 1712574, *1-2 (W.D. La. 2012). Thus, they are generally not subject to suit under § 1983.

Lavergne alleges that his court-appointed public defender contract attorneys Doga and LeJeune, and their public defender supervising attorney Brown, violated his civil rights by failing to properly assist him as counsel. His only allegations of constitutional violations against these attorneys arose out of their representation of him in a pending criminal proceeding. Lavergne has failed to show that these attorneys were state actors or that they were acting under color of law at the time they allegedly violated his rights. Lavergne's civil rights claims against Doga, LeJeune and Brown should therefore be dismissed for failure to state a claim upon which relief may be granted and as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**IV. Fifteenth Judicial District Public Defender's Office**

Lavergne has also named the Public Defender's Office as a defendant herein. However, the Public Defender's Office is not an entity that can be sued under Louisiana law, nor is the Public Defender's Office capable of being sued under 42 U.S.C. § 1983 as the Office is not a "person" under the statute and case law which defines that term. *Montgomery v. City of Lake Charles*, 2011 WL 887910, *2 (W.D. La. 2011) *citing Foster v. Orleans Parish Public Defendants Office*, 2011 WL 446031, *2 (E.D. La. 2011) and *Fondol v. Orleans Parish District Attorney Office*, 2008 WL 4891238, *2 (E.D. La.

2008); *Fondol*, 2008 WL 4891238 at *2-3 *citing Burge v. Parish of St. Tammany*, 1997 WL 10243, *8 (E.D. La. 1997), *aff'd in part*, 187 F.3d 452 (5th Cir. 1999), *Zapata v. Public Defenders Office*, 252 Fed. Appx. 237, 2007 WL 3104864, *2 (10th Cir. 2007) (New Mexico public defender's office is not a "person" amenable to suit under § 1983), *Johnson v. Georgia*, 2007 WL 2594177, *2 (M.D. Ga. 2007) (same as to public defender's office in Georgia), *Steed v. Delohery*, 1998 WL 440861, *1 (S.D. N.Y. 1998) (county district attorney's office is not a legal entity capable of suing or being sued under New York law), and *Jacobs v. Port Neches Police Dep't*, 915 F.Supp. 842, 844 (E.D. Tex. 1996) (same under Texas law). *See also Amir–Sharif v. Dallas County Public Defenders Office*, 233 Fed. Appx. 364 (5th Cir. 2007) (holding that court appointed counsel and Public Defenders Office are not state actors for § 1983 purposes); *Johnson v. Louisiana,* 2009 WL 1788545 (W.D. La. 2009) (holding that public defender and Public Defenders Office are not state actors when representing their indigent clients). Accordingly, Lavergne's civil rights claim against the Public Defender's Office should therefore be dismissed for failing to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

**V. State Law Claims**

To the extent that Lavergne's allegations may be construed as asserting claims under Louisiana State law, this Court should decline to exercise supplemental jurisdiction

pursuant to 28 U.S.C. § 1367(c)(3).[2]

A district court may decline to exercise supplemental jurisdiction if the court has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3); *Nowell v. Acadian Ambulance Service*, 147 F.Supp.2d 495, 510 (W.D. La. 2001). Indeed, when a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims. *Id. citing Bass v. Packwood Hospital*, 180 F.3d 234, 246 (5th Cir. 1999) *citing Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989). However, the dismissal should be without prejudice. *Id*.

In light of the above, all federal claims asserted against the defendant will be dismissed. Accordingly, no federal question will remain before this court. Accordingly, the undersigned recommends that this Court decline supplemental jurisdiction over any state law claims asserted by Lavergne, dismissing those claims without prejudice.

For the reason set forth above[3];

---

[2]This Court cannot exercise diversity jurisdiction, over any claims asserted by Lavergne under Louisiana State law because complete diversity is lacking. For exercise of this Court's diversity jurisdiction, it is axiomatic that complete diversity is required. Thus, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action. *Exxon v. Allapattah*, 545 U.S. 546, 553, 125 S.Ct. 2611, 2617 (2005) *citing Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806) and *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 375, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). In sum "[i]ncomplete diversity destroys original jurisdiction with respect to all claims" in the action. *Id*. at 2618. Here, Lavergne, Brown, Doga and LeJeune are Louisiana citizens. Accordingly, complete diversity is lacking.

[3]Although Lavergne does not seek his immediate release from custody. The undersigned notes that such relief is not available in a civil rights action. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997); *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Serio v. Members of the La. State Board of Pardons,* 821 F.2d 1112, 1117 (5th Cir. 1987); *Cook v. Texas Dept. of Criminal Justice Planning Dept*., 37 F.3d 166, 168 (5th Cir. 1994); *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989) (A *habeas corpus* petition is the proper vehicle to seek release from custody;

**IT IS RECOMMENDED** that Lavergne's civil rights complaint be **DISMISSED WITH PREJUDICE** subject to reassertion if the requirements of *Heck v. Humphrey* are met.

Alternatively, **IT IS RECOMMENDED** that Lavergne's claims against Fifteenth Judicial District Public Defender "Supervisor" Elliot Brown and court-appointed contract Public Defenders Burliegh Doga and Clay LeJeune be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) for failure to state a claim upon which relief can be granted and as frivolous.

Alternatively, **IT IS RECOMMENDED** that Lavergne's claim against the Fifteenth Judicial District Public Defender's Office be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

---

*Muhammad v. Close,* 540 U.S. 749, 750, 124 S.Ct. 1303, 1304 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of *habeas corpus*.").

Further, the undersigned notes that any *habeas corpus* action which Lavergne could file would most probably be dismissed for failure to properly and fully exhaust state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir. 1983); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of each of his claims to the state courts in a procedurally proper manner. *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001). Moreover, each claim must be presented to the state's highest court, even when review by that court is discretionary. *O'Sullivan v. Boerckel,* 526 U.S. 838, 119 S.Ct. 1728 (1999); *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998) *citing Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985). In Louisiana, the highest court is the Louisiana Supreme Court. *See also*, 28 U.S.C. § 2254(b)(1). Nothing suggests that Lavergne has exhausted his state court remedies by fairly presenting his federal claims to the Louisiana Supreme Court in a procedurally correct manner.

**IT IS FURTHER RECOMMENDED** that Lavergne's claims under Louisiana State law, if any, be **DISMISSED WITHOUT PREJUDICE.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, February 12, 2014.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE